HERBERT SCHNARE *vs.* THE RYAN-UNMACK COMPANY.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff, a carpenter, was employed by the defendant company, which was engaged in building a dam. While assisting in lowering to the core wall of the dam a heavy wooden form for concrete, the form was suddenly hoisted clear of the wall, was swung around by the wind, and knocked the plaintiff from the wall, causing the injuries complained of. The jury returned a verdict for the plaintiff, which the trial court refused to set aside. *Held* that the evidence would have warranted the jury in finding that the defendant was negligent in not adopting a reliable signal system, in not furnishing a sufficient number of men to handle the form, and in failing to use

Schnare v. Ryan-Unmack Co.

guy-ropes for its control; and therefore the trial court did not err in refusing either to direct a verdict for the defendant or to set aside the verdict rendered for the plaintiff.

The defendant contended that the form had reached its resting place before the plaintiff's injury occurred, and therefore any negligence of the defendant in the particulars above recited was immaterial, and requested the court to so instruct the jury. *Held* that inasmuch as this contention was not supported by the evidence, the requested instructions were properly refused.

It is not error for the trial court to refuse to paraphrase the specifications of negligence contained in the complaint as embodied in the defendant's request, and in connection therewith to instruct the jury that the evidence fails to prove certain of them.

A trial court does not err in failing to call the attention of the jury to each separate issue of negligence, where numerous specifications of negligence are alleged and there is some evidence at least in support of each one.

The habitual failure of a foreman to use proper and available instrumentalities for his work, may be some evidence of his incompetency.

The defendant contended that the charge of the trial court permitted the jury to understand that the giving of a wrong signal at the time of the accident was in itself evidence of the incompetency of a signalman. *Held* that the charge was not susceptible to this criticism.

Evidence of a condition not alleged in the complaint and therefore not in itself a ground of recovery, may be admissible as tending to support allegations of negligence which are made in the complaint.

Argued April 16th—decided June 10th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff for $1,300, and appeal by the defendant. *No error.*

The plaintiff was employed by the defendant as a carpenter in connection with the construction of a dam, the core wall of which was being built of concrete poured into wooden forms. These forms were of heavy plank seventeen feet long and seven feet wide, and were moved from place to place, as needed, by hoisting apparatus carried on a cableway stretched above and

parallel with the core wall. At the time of the accident the plaintiff, who only occasionally did such work, was assisting in lowering one of these forms down flat upon the top of the core wall, which at that place was about eight feet wide. The lower side of the form was resting near one edge of the core wall, being held in that position by the plaintiff and two other workmen, when the form was suddenly hoisted clear of the wall, the workmen lost control of it, and it was swung by the wind against the plaintiff, knocking him off the core wall and inflicting the injuries in question. The hoisting apparatus was operated by an engine located at a considerable distance from the place of the accident, and controlled by signals given by the foreman in charge of the work to an Italian signalman, who stood about one hundred and fifty feet away, and he in turn transmitted the signals to the engineer by means of red and white flags.

The complaint alleged that the defendant was negligent in the employment of an incompetent foreman and the employment of an incompetent signalman; that the incompetent foreman failed to give a proper signal; that the incompetent signalman failed to properly transmit the signal; that the defendant failed to employ a sufficient number of men to handle the form safely, and failed to use tag or guy-ropes to prevent the form from swinging in the wind; and that the signals as conveyed to the engineer were improper and unsafe to be followed, in view of the character of the work in which the plaintiff was engaged at the time of the accident.

The plaintiff offered evidence to prove, and claimed to have proved, all of these allegations of negligence except the allegation that the foreman gave a wrong signal to the signalman, in respect to which the proof was that the foreman gave a proper signal to lower the form at the time when it was suddenly hoisted.

The defendant offered no evidence, but moved for a directed verdict for the defendant, and, afterward, to set the verdict aside as against the evidence. Defendant appeals from the denial of these motions, and for alleged errors in the charge of the court and in rulings on evidence.

*Seymour C. Loomis*, with whom was *Francis J. Monahan*, for the appellant (defendant).

*Dennis W. Coleman*, for the appellee (plaintiff).

BEACH, J. The defendant's argument, on the claim that the court erred in refusing to direct a verdict and in refusing to set aside the verdict and grant a new trial, rests largely on the assumption that at the time of the accident the operation of moving the form to its new position had been substantially completed; that nothing remained but to lower it down flat on the top of the core wall; and that whether or not additional help, or additional safeguards against the swinging of the form, might have been advisable during an earlier stage of the operation, there remained at the time of the accident no reasonable ground for supposing that such safeguards could serve any useful purpose. Reasoning from this standpoint, it is said that the sole responsible cause of the accident must have been the sudden and unexpected hoisting of the form, and this may have been the negligent act of the engineer, a fellow-servant whose competency is not questioned.

Examination of the testimony shows that the defendant's assumption of fact is not well founded. There was evidence that at least five men were necessary, and that guy-ropes were necessary, in the operation of moving the form from one place to the other. And as bearing on the necessity for the continued use of these safeguards until the form was settled in its new position, there was

testimony that the Italian signalman did not understand the English language, that the tower of the cableway was located in the line of sight between the signalman and the engineer, that the braces of the tower had previously occasioned difficulty in promptly transmitting signals, that on one occasion a similar unexpected hoisting of a form had occurred, and that the spring of the cableway affected the movements of the form in starting to raise or lower it. From all this testimony the jury might fairly have reached the conclusion that the system of signalling employed by the defendant was not sufficiently reliable, and the apparatus not so surely under control, as to make it prudent to dispense with the additional help and the guy-ropes until the form was at rest. The court did not err in refusing to direct a verdict, or in refusing to set the verdict aside.

The assignments of error numbered six to eleven inclusive, relating to refusals of the court to charge as requested, the tenth, eleventh, twelfth and fourteenth assignments of error in the charge of the court, and the twenty-first assignment of error as to the admission of Mr. Story's testimony, are all founded on the assumption of fact already discussed, and on an analysis of the specifications of negligence contained in the complaint, in the attempt to exclude from consideration the failure to employ a larger number of men and the failure to use tag or guy-ropes, and the sudden hoisting of the form. For the reasons already given the court did not err in refusing to comply with these requests, or in charging the jury as recited in the above mentioned exceptions to the charge, or in admitting Mr. Story's testimony. The third request was in effect complied with.

Other requests to charge asked the court to paraphrase the specifications of negligence contained in the complaint in a very abbreviated way, and then to

instruct the jury that the evidence failed to prove certain of these specifications. The assignments of error, based on the refusal of the court to adopt these requests, are not well founded, because no error of law can be imputed to the court for refusing to adopt the defendant's paraphrase of the complaint, or refusing to tell the jury that the evidence fails to prove a certain issue of fact. These matters are more properly presented by the exceptions to the charge of the court set forth in the assignments of error numbered four, eight and thirteen, which complain that the court did not properly instruct the jury as to what issues were before the jury for determination. The portion of the charge which is especially complained of in this connection is as follows:—

"It is a well settled principle of law that where several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes. So much may be said as a statement of the general principles which will govern you in your consideration of this case. It will be for you to consider all the evidence produced by the plaintiff, and to determine whether or not, fairly weighing that evidence, the plaintiff has proven these allegations by a fair preponderance of evidence. I say these allegations. I mean any of these allegations which are sufficient to fasten upon the defendant a liability, by reason of its negligence, for the accident which resulted in this plaintiff's injury. Many causes are stated in this complaint. Many things, more or less related or connected one with another, are set out in this complaint, to show how this accident was caused and how the negligence of this defendant may be established. It is not necessary that all of these allegations be proved. If some of them should prove the defendant's negligence

in some manner which resulted, without any negligence on the part of the plaintiff, in the accident which caused the plaintiff's injuries, it will be sufficient. But, as I have just told you, it is the law that where several proximate causes contribute to an accident, and each of them is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or to any of the causes. So if you find any of these causes to have been proved, or more than one proven, which was the proximate cause of the accident and due to this defendant's negligence, without any contributory negligence on the part of the plaintiff, he will be entitled to recover."

It is not seriously claimed that this language states an erroneous principle of law, but the objection is that as applied to this case, in view of the number and character of the specifications of negligence, the court practically left it to the jury to decide what the allegations of the complaint were in respect to negligence, and what the exact negligence was that was charged in the complaint. We think the charge was not objectionable on this ground. The plaintiff could not be expected to know, or find out, the exact point in the defendant's complicated system of signalling at which it went wrong. Yet he was entitled to include in the complaint sufficient specifications of negligence to meet any probable condition which might have caused the unexpected hoisting of the form. Beside that, he was also entitled to rely on his claim of insufficient help and appliances for the safe handling of the form. The complaint itself was before the jury. Its allegations are intelligible. And if, as these exceptions assume, there was some evidence to support all the allegations in question, it was for the jury to say which, if any, were proven.

The ninth reason of appeal is that the court erred

in charging the jury that they might consider the failure of the foreman to use tag-ropes, which were available, as some evidence of incompetency. The defendant construes this language as referring only to the failure to use tag-ropes on the particular occasion when the accident occurred; but it is not apparent from the charge that the language was so limited, and if we look to the testimony, there is evidence of an habitual failure to use these ropes.

As to the objection to the charge of the court in regard to the alleged incompetency of the signal-man, there was, as the court pointed out, evidence that his knowledge and understanding of the English language was defective; but we do not think the charge of the court on this point is open to the objection that the court told the jury that the giving of a wrong signal at the time of the accident was of itself proof of incompetency.

It is assigned as error that the court admitted testimony to show that the tower of the cableway obstructed the line of sight between the signalman and the engineer, and that the braces of the tower had previously occasioned difficulty in the transmission of signals. The objection is that no foundation is laid in the complaint for charging the defendant with negligence in this respect, and there would be some force in this objection if the evidence had been admitted for the purpose of showing that the accident occurred because the engineer did not clearly see the signal-flag. But no such claim was made, and the evidence was not admitted for that purpose. It was admitted, and we think it was admissible, to show that the defendant's system of signalling was unreliable, and that it was therefore unsafe to handle these forms without guy-ropes and with three men only, while the signalling was still going on.

The other assignments of error do not require separate discussion.

There is no error.

In this opinion the other judges concurred.